```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
```

In re:                                                          Case No. 19-01594-RNO
Mark Abel DeBlock                                               Chapter 7
Theresa Jane DeBlock
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-5          User: admin            Page 1 of 1           Date Rcvd: Sep 04, 2019
                              Form ID: 318           Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 06, 2019.
```
db/jdb         +Mark Abel DeBlock,    Theresa Jane DeBlock,    107 Susan Lane,    Shohola, PA 18458-4445
5186621        +Twin Lakes Utilities, Inc.,    PO Box 1500,    Iselin, NJ 08830-0452
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                           TOTAL: 0

                 ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 06, 2019                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 4, 2019 at the address(es) listed below:
```
              James    Warmbrodt     on behalf of Creditor    NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER
               bkgroup@kmllawgroup.com
              Mark J. Conway    (Trustee)    PA40@ecfcbis.com,
               mjc@mjconwaylaw.com;connie@mjconwaylaw.com;info@mjconwaylaw.com
              United States Trustee     ustpregion03.ha.ecf@usdoj.gov
              Vern S. Lazaroff     on behalf of Debtor 2 Theresa Jane DeBlock pabankruptcy@vernlazaroff.com,
               r39899@notify.bestcase.com
              Vern S. Lazaroff     on behalf of Debtor 1 Mark Abel DeBlock pabankruptcy@vernlazaroff.com,
               r39899@notify.bestcase.com
                                                                                             TOTAL: 5
```

| | | |
|---|---|---|
| Debtor 1 | **Mark Abel DeBlock** | Social Security number or ITIN  xxx–xx–2595 |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Theresa Jane DeBlock** | Social Security number or ITIN  xxx–xx–5781 |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  Middle District of Pennsylvania

Case number:  5:19–bk–01594–RNO

# Order of Discharge        12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Mark Abel DeBlock                Theresa Jane DeBlock

**By the court:**

9/4/19

Honorable Robert N. Opel, II
United States Bankruptcy Judge

By: AutoDocketer, Deputy Clerk

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**